KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Tim Blackwell

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM BLACKWELL, an aggrieved employee, on behalf of himself and other current and former employees,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMERCIAL REFRIGERATION SPECIALISTS, INC., a California corporation; CLIMATE PROS LLC, a limited liability company, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 2:20-cv-02281-KJM-CKD<br><br>[Hon. Kimberly J. Mueller, Courtroom 3]<br><br>**PLAINTIFF TIM BLACKWELL'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR CONDITIONAL REMAND**<br><br>[Filed concurrently with Declaration of Stephanie E. Yasuda; [Proposed] Order]<br><br>Date:  January 22, 2021<br>Time:  10:00 a.m.<br>Place:  Courtroom 3 |

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 22, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Eastern District of California, located in Courtroom 3 – 15th Floor of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Plaintiff Tim Blackwell ("Plaintiff") will, and hereby does, move for an order remanding this action to the California Superior Court for the County of Sacramento. In the alternative, Plaintiff moves for leave to file a First Amended Complaint and for conditional remand of this action to the California Superior Court for the County of Sacramento pending the filing of the amended complaint.

Plaintiff seeks the immediate remand of this action on the grounds the Court lacks subject matter jurisdiction because this action does not arise under federal law. Plaintiff alternatively seeks leave to file an amended complaint on the grounds that amendment should be freely granted, is not sought in bad faith, will not prejudice the defendants, and is not futile. If the Court grants leave to amend, Plaintiff requests the Court concurrently grant conditional remand of this action pending the filing of the amended complaint.

Plaintiff makes this motion following the telephonic conference of counsel, which took place on December 11, 2020. At that time, Plaintiff advised Defendants Commercial Refrigeration Specialists, Inc and Climate Pros LLC ("Defendant") of the intended bases for this motion, and Defendants provided their counter position. Plaintiff also asked Defendants to stipulate to amendment of the complaint, but Defendants declined on the grounds they seeks dismissal with prejudice rather than an amendment.

Plaintiff's motion is based on this notice, the memorandum of points and authorities and declaration filed concurrently herewith, such argument of counsel as may be presented at the hearing thereof, and all papers and records on file herein.

Dated: December 16, 2020           YOON LAW, APC


            */s/ Stephanie E. Yasuda*
Stephanie E. Yasuda
Attorneys for Plaintiff Tim Blackwell

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................... 1

II.   LEGAL STANDARD .................................................................... 1

III.  DEFENDANTS HAVE FAILED TO SUBMIT THE CBA UPON WHICH
      THEY RELY ................................................................................ 3

IV.   NO FEDERAL QUESTION JURISDICTION EXISTS WHERE
      PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED BY
      FEDERAL LAW ........................................................................... 5

      A.    Plaintiff's State Law PAGA Claim Is Not Conferred by the CBA .... 5

            1.    The CBA Does Not Confer Any Right to PAGA-Equivalent
                  Penalties ................................................................... 5

            2.    The State of California Is Not Subject to the CBA ................. 7

            3.    Defendants Do Not and Cannot Argue that Plaintiff's PAGA
                  Claim is Completely Preempted ................................. 8

      B.    Plaintiff's Claim Does Not Substantially Depend on the Analysis of
            the CBA ........................................................................... 9

V.    PLAINTIFF ALTERNATIVELY SEEKS LEAVE TO AMEND AND
      CONDITIONAL REMAND ....................................................... 11

      A.    The Proposed Amendment Only Removes Theories of Liability and
            Will Not Cause Prejudice or Delay ................................... 11

      B.    Defendants Declined to Stipulate to Amendment
            Absent Dismissal .............................................................. 13

VI.   CONCLUSION............................................................................ 14

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

<u>Federal Cases</u>

4

5

*Balcorta v. Twentieth Century–Fox Film Corp.,*
208 F.3d 1102 (9th Cir. 2000) .................................................................. 3

6

7

*Bruccheri v. Aramark Uniform Servs., LLC,*
2018 WL 5617197 (E.D. Cal. Oct. 30, 2018).......................................... 13

8

9

*Burnside v. Kiewit Pacific Corp.,*
491 F.3d 1053 (9th Cir. 2007) .......................................................... *passim*

10

11

*Cardosa v. Omni Hotels Mgmt. Corp.,*
177 F. Supp. 3d 1278 (2016) .................................................................. 2

12

13

*Carnegie-Mellon Univ. v. Cohill,*
484 U.S. 343 (1988) ................................................................................ 11

14

15

*Caterpillar, Inc. v. Williams,*
482 U.S. 386 (1987) .................................................................................. 2

16

*Daniels v. Recology, Inc.,*
2010 WL 5300878 (N.D. Cal. Dec. 20, 2010) ........................................ 3

17

18

*Densmore v. Mission Linen Supply,*
164 F. Supp. 3d 1180 (E.D. Cal. 2016) .................................................. 9

19

20

*Detabali v. St. Luke's Hospital,*
482 F.3d 1199, 1203 (9th Cir. 2007) ...................................................... 3

21

22

*Done Deal Inc. v. Wilbert,*
2019 WL 3994442 (E.D. Cal. Aug. 1, 2013) .......................................... 4

23

24

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) ................................................................ 12

25

26

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,*
463 U.S. 1 (1983) .................................................................................... 9

27

*Griggs v. Pave Am. Grp.,*
170 F.3d 877 (9th Cir. 1999) .................................................................. 11

28

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

1

## <u>TABLE OF AUTHORITIES (cont'd)</u>

2

**Page**

3

*Humble v. Boeing Co.,*
4
305 F.3d 1004 (9th Cir. 2002) ............................................................. 3, 7

5
*Hunter v. Philip Morris USA,*
6
582 F.3d 1039 (9th Cir. 2009) .............................................................. 3

7
*In re Western States Wholesale Nat. Gas Antitrust Litig.,*
8
715 F.3d 716 (9th Cir. 2013) .............................................................. 11

9
*Livadas v. Bradshaw,*
512 U.S. 107 (1994) ............................................................. 2, 10
10

11
*Met. Life Ins. Co. v. Taylor,*
481 U.S. 58 (1987) ............................................................. 8
12

13
*Miller v. Rykoff-Sexton, Inc.,*
845 F.2d 209 (9th Cir. 1988) .............................................................. 12
14

15
*Milne v. Employees Ass'n v. Sun Carriers, Inc.,*
960 F.2d 1401 (9th Cir. 1991)............................................................. 2

16
*Morongo Band of Mission Indians v. Rose,*
17
893 F. 2d 1074 (9th Cir. 1990) .............................................................. 12

18
*Stone v. Sysco Corp.,*
19
2016 WL 6582598 (E.D. Cal. Nov. 7, 2016) .................................... 10

20
*ZB, N.A. v. Superior Court,*
21
8 Cal. 5th 175 (2019) ............................................................. 6

22
*United States v. Webb,*
655 F.2d 977 (9th Cir. 1981) .............................................................. 11
23

24
## <u>State Cases</u>

25
*Arias v. Superior Court,*
26
46 Cal. 4th 969 (2009) ............................................................. 5, 6

27
*Flowers v. Los Angeles County Met. Transp. Auth.,*
243 Cal. App. 4th 66 (2015) .............................................................. 13
28

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page**

3
4
*Huff v. Securitas Security Servs.  USA, Inc.,*
23 Cal. App. 5th 745 (2018) ............................................................ 6

5
6
*Iskanian v. CLS Transportation Los Angeles, LLC,*
Cal. 59 4th 348 (2014) ................................................................. 7

7
8
*Zakarvan v. The Men's Warehouse, Inc.,*
33 Cal. App. 5th 659 (2019) ........................................................ 6, 9

9
## <u>Rules and Statutes</u>

10
29 U.S.C. § 185 ............................................................................ 2

11
12
Cal. Lab. Code § 510 ..................................................................... 5, 9

13
Cal. Lab. Code § 512 ..................................................................... 1, 5, 8

14
Cal. Lab. Code § 2698 *et seq.* ..................................................... *passim*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the instant representative action, Plaintiff Tim Blackwell ("Plaintiff") asserts a sole cause of action for violation of California's Private Attorney General Act of 2004 (California Labor Code section 2699 *et seq.* ("PAGA")), on behalf of himself and other aggrieved current and former employees of Defendants Commercial Refrigeration Specialists, Inc. and Climate Pros, LLC ("Defendants"). Plaintiff bases his action upon Defendants' alleged violations of the California Labor Code, including the failure to provide meal periods and rest breaks in violation of Labor Code sections 226.7 and 512, failure to pay all minimum and overtime wages in violation of Labor Code sections 512 and 1194, failure to maintain accurate wage statements in violation of Labor Code section 226, and failure to pay all wages due and owing upon termination of employment in violation of Labor Code section 203. This uniquely state-law claim is not the type of action intended by Congress to land in a federal court. Nevertheless, Defendants seek to manufacture federal jurisdiction by its removal.

Federal jurisdiction is improper in this case, where Plaintiff's sole cause of action is grounded entirely in state statutory law. Although Defendants' removal asserts federal question jurisdiction premised upon the existence of a collective bargaining agreement ("CBA"), there is no dispute as to the terms of the CBA, and none of Plaintiff's claims arise under the CBA. The mere existence of the CBA is insufficient to raise federal questions, and the fact a court may ultimately need to reference the CBA to determine damages does create federal jurisdiction or elevate this case to one that should be adjudicated in federal court. For these reasons, this matter should be remanded.

## II.    LEGAL STANDARD

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under the "complete preemption doctrine," there are select cases in which the preemptive force of federal law is so "extraordinary" that it converts state common law claims into claims arising under federal law for purposes of jurisdiction. *Id.*

Defendants removed this action pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), which gives federal courts exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Although the Supreme Court has held Section 301 preempts state law when the state law claim requires interpretation of a collective bargaining agreement ("CBA"), "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Cardosa v. Omni Hotels Mgmt. Corp.*, 177 F. Supp. 3d 1278, 1281 (2016) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)).

The Ninth Circuit has established a two-part test for preemption. First, a court inquires "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the answer to this question is no, Section 301 preemption applies. If the answer is yes, a court addresses the second part of the inquiry: whether the claim substantially depends on an analysis of a CBA. A claim is preempted only when it substantially depends on an analysis of the CBA. If it does not, the plaintiff may proceed under state law. *Id.* at 1059-60. Under this second prong of the preemption test, "substantial dependence" means the resolution of the state-law claim requires a court to interpret the collective bargaining agreement. LMRA preemption is not triggered if a court merely needs to consult or refer to a collective bargaining agreement. *Milne v. Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1409 (9th Cir. 1991). "[D]efensive reliance

on the terms of the CBA, mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." *Id.* (quoting *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002). "If the law were otherwise, employers could immunize themselves from suit under state labor laws of general applicability by including unlawful terms in collective bargaining agreements." *Id.* (citing *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000)).

As discussed in detail below, Plaintiff's state law PAGA claim does not arise under the CBA; in fact, the CBA does not provide any mechanism for it. Further, there is no need to interpret the CBA where there is no dispute over its terms. Defendants' use of the CBA as a defense does not warrant preemption. *Daniels v. Recology, Inc.*, 2010 WL 5300878 at *5-6 (N.D. Cal. Dec. 20, 2010) ("Where the plaintiff's claim is based on state law, like FEHA, '[Section] 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense.'") ((quoting *Detabali v. St. Luke's Hospital,* 482 F.3d 1199, 1203 (9th Cir. 2007)).

Thus, Plaintiff respectfully submits that the instant action should be remanded to the California Superior Court.

## III.    DEFENDANTS HAVE FAILED TO SUBMIT THE CBA UPON WHICH THEY

As a threshold matter, Defendants' Notice of Removal (DE 1) is deficient because Defendants have failed to attach the CBA upon which they base their removal. The "defendant always has the burden of establishing that removal is proper," and must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendants assert federal jurisdiction is appropriate in this action because Plaintiff is a party to a CBA, but Defendants have failed to provide any evidence of the existence of the CBA or its terms. Defendants have thus failed to carry their

1    burden of demonstrating that removal was proper.

2        Plaintiff anticipates that Defendants will argue they may supplement their

3    notice of removal in opposition to this motion. Although this may be true in a

4    diversity action, Plaintiff is unaware of authority that would allow Defendants to

5    supplement their deficient removal here. *Done Deal Inc. v. Wilbert*, 2019 WL

6    3994442 at *2 (E.D. Cal. Aug. 1, 2013) (rejecting defendants' argument that they

7    may supplement a notice of removal, because defendants cited to diversity cases

8    but were "not seeking removal on the basis of diversity"). In a diversity action,

9    judicial economy is served by allowing a defendant to supplement its evidence;

10   there is little benefit to forcing a defendant to review and submit voluminous

11   records in support of its calculation of the amount in controversy unless and until

12   the plaintiff challenges the figures contained in the notice of removal. Here,

13   however, there is no efficiency in failing to attach the one document upon which

14   Defendants base their entire removal.

15       Plaintiff acknowledges Defendants have provided him with a copy of a

16   CBA in a related putative class action between the Parties, *Blackwell v.*

17   *Commercial Refrigeration Specialists, Inc.*, Case. No. 2:20-cv-01968-KJM-CKD.

18   Plaintiff presumes this is the agreement upon which Defendants rely, and it is the

19   agreement Plaintiff references herein. That said, the related action is in its nascent

20   stages, and Plaintiff has not had the opportunity to conduct discovery into the

21   applicability or validity of the CBA. The Court should not excuse Defendants

22   from failing to provide summary judgment-type evidence in support of their

23   removal in this action.

24   //

25   //

26   //

27

28

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. NO FEDERAL QUESTION JURISDICTION EXISTS WHERE PLAINTIFF'S STATE LAW CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW

### A. Plaintiff's State Law PAGA Claim Is Not Conferred by the CBA

#### 1. The CBA Does Not Confer Any Right to PAGA-Equivalent Penalties

Plaintiff asserts his sole cause of action for Defendants' alleged violation of PAGA. This claim exists entirely under California state law. Pursuant to PAGA, a private citizen who satisfies the statute's notice requirements can become deputized as a "private attorney general" and collect civil penalties for Labor Code violations on behalf of the State of California and aggrieved employees. *Arias v. Superior* Court, 46 Cal. 4th 969, 986 (2009) ("An employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies.") PAGA is essentially a law enforcement mechanism, and "the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies – namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Id.* Unlike "private disputes between employers and employees over their respective rights and obligations toward each other," PAGA actions, "directly enforce *the state's* interest in penalizing and deterring employers who violate California's labor laws." *Id*. at 387.

Defendants premised their removal on Plaintiff's reference to overtime wages and meal periods in his complaint. Under California law, an employee may be exempt from the requirements of meal periods and overtime wages if covered by a valid CBA. Cal. Lab. Code §§ 510(a)(2); 512(a). Defendants argue that because a CBA exists in this action, Plaintiff is exempt from California's meal period and overtime requirements. Thus, Defendants reason, Plaintiff's overtime and meal period claims arise solely under the CBA, and are preempted under the

5

first prong of the *Burnside* test.

Defendants' references to Plaintiff's meal period and overtime claims highlight the fatal flaw in Defendants' removal. (*See, e.g.*, Removal (DE 1) ¶¶ 20-21.) Plaintiff has not asserted any overtime or meal period claims in this action, and it is irrelevant whether a theoretical claim that Plaintiff has not asserted is grounded solely in the CBA. Plaintiff asserts, as his sole claim, the violation of PAGA. There is no provision in Defendants' CBA for any PAGA-equivalent right. The CBA does not provide for any PAGA-like penalties, it does not have any law enforcement mechanism, and it does not provide any device by which to recover penalties for the State of California. "[A]n individual employee bringing a PAGA claim is vindicating one *and only one* 'particular injury'—namely, the injury to the public that the 'state labor law enforcement agencies' were created to safeguard." *Zakaryan v. The Men's Warehouse, Inc.*, 33 Cal. App. 5th 659, 671-72 (2019) (quoting *Arias*, 46 Cal. 4th at 986) (disapproved on other grounds in *ZB, N.A. v. Superior Court*, 8 Cal. 5th 175, 198 n.8 (2019)). The rights conferred by PAGA cannot exist solely as a result of the CBA, because the CBA does not in any way address or authorize the right Plaintiff seeks to enforce.

Defendants will likely argue that Plaintiff's PAGA claim arises from the CBA (to the extent premised upon meal periods and overtime) because Plaintiff is exempt from the predicate overtime and meal period provisions of the Labor Code. However, as discussed above, the right Plaintiff seeks to vindicate exists independently his individual rights. Moreover, Defendants' anticipated argument assumes that Plaintiff is limited to penalties for harms he personally suffered. However, "PAGA allows an 'aggrieved employee'—a person affected by at least one Labor Code violation committed by an employer—to pursue penalties for all the Labor Code violations committed by that employer." *Huff v. Securitas Security Servs. USA, Inc.*, 23 Cal. App. 5th 745, 750 (2018). In other words, Plaintiff may pursue penalties on behalf of employees that are not signatories to

6

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

the CBA and are not exempt from California's overtime and meal period requirements. There is no evidence before the Court that all non-exempt aggrieved employees were signatories to the CBA upon which Defendants rely, and no evidence that the underlying right to overtime or meal periods exists solely due to the CBA.

Thus, no federal question is presented by this purely state law action, and the Court should remand this case to the state court.

### 2.    The State of California Is Not Subject to the CBA

Although Plaintiff serves as the deputized aggrieved employee in this case, the rights he seeks to vindicate are not his own. Rather, the rights at issue in this case are the rights of the State to enforce its labor laws. Since a PAGA plaintiff acts as a proxy or agent of the State, a PAGA lawsuit "functions as a substitute for an action brought by the government itself." *Id*. As such, in a PAGA representative action, it is the government entity that is the real party in interest. *Iskanian v. CLS Transportation Los Angeles, LLC*, Cal. 59 4th 348, 382 (2014). This fact is further confirmed by "[t]he fact that any judgment in a PAGA action is binding on the government." *Id*. at 387.

The distinction between state and individual rights is important here, where the State of California is not subject to the CBA upon which Defendants base their argument of preemption. Although Defendants argue that Plaintiff's rights exist solely under the CBA, this is not true for the State of California as a non-employee and non-signatory to the CBA. A PAGA claim "is not a dispute between an employer and an employee arising out of their contractual relationship," but rather "is a dispute between an employer and the *state*." *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 387 (2014). The State's right exists as a function of state law and, as a corollary, does not arise from any contract to which the State is not a party. While Defendants may still be able to assert the existence of a CBA as a defense for any aggrieved employees

7

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

1
2
3

that are in positions governed by the CBA, this "defensive reliance" on the CBA does not transform the purely state law claim into a federal question. *Humble*, 305 F.3d at 1008.

4
5
6

In sum, Plaintiff's PAGA cause of action involves a right conferred upon Plaintiff and the State by virtue of state law, and the Court should find that the first prong of the *Burnside* test does not preempt this PAGA claim.

7
8

### 3. Defendants Do Not and Cannot Argue that Plaintiff's PAGA Claim is Completely Preempted

9
10
11

Even if the portion of Plaintiff's PAGA claim premised upon overtime and meal period theories were preempted – which it is not – Plaintiff's cause of action does not arise under federal law because it is not completely preempted.

12
13
14
15
16
17
18
19
20
21

Defendants premised their removal upon Plaintiff's references to overtime and meal periods.[1] However, Plaintiff has asserted myriad theories in this action under PAGA, including Defendants' alleged failure to provide rest breaks in violation of California Labor Code section 226.7, and the failure to pay minimum wages in violation of California Labor Code section 1194. Defendants do not argue that these remaining theories are preempted by the LMRA, for good reason. The exemption statutes Defendants cite – California Labor Code sections 512(a) and 514 – only exempt employees covered by a valid CBA from overtime wages and meal periods; they do not by their terms exempt employees from rest breaks or minimum wages. Moreover, the CBA at issue does not provide for rest breaks

22
23
24
25
26
27
28

---

[1]    Defendants do not actually argue that Plaintiff's rest break claim is preempted, but incorrectly states that Plaintiff is exempt from rest break laws. (Ntc of Removal (DE 1) 5:22.) However, the CBA at issue here does not provide for rest breaks in any form. Under the Wage Order upon which Defendants apparently rely – Wage Order 16-2001 – employees are exempt from rest break requirements when "covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." Wage Order 16-2001 § 11(E). Such is not the case here, where the CBA does not provide "equivalent protection" or any protection for rest breaks (assuming that the CBA in Plaintiff's possession is the relevant CBA. Based on the evidence presented in this case, however, there is no relevant CBA.)

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

or minimum wages, and thus Plaintiff's minimum wage and rest break rights cannot arise solely out of the CBA.

Under the complete preemption doctrine, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "[I]f a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 24 (1983). Such is not the case here, however, where Defendants argue preemption with respect to only two of the theories upon which Plaintiff premises his claim. PAGA is a "single primary right," and one plaintiff asserts as a sole cause of action. *Zakaryan*, 33 Cal. App. 5th at 671-72. In other words, Defendants do not and cannot argue that PAGA is completely preempted as a whole. Thus, even under Defendants' incorrect theory, there is no indication that Congress intended to preempt Plaintiff's entire state law cause of action such that federal jurisdiction is appropriate.

The Court should find that Plaintiff's PAGA cause of action does not arise under the CBA.

**B.**    **Plaintiff's Claim Does Not Substantially Depend on the Analysis of the CBA**

Where, as here, the claim asserted in an action arises solely under state law, the Court must consider whether the claim substantially depends on an analysis of a CBA. *Burnside*, 491 F.3d at 1059 (9th Cir. 2007).

Plaintiff's PAGA claim is not dependent on analysis of the CBA for three reasons. First, as discussed above, Plaintiff is permitted to sue for penalties on behalf of persons who were not signatories to the CBA. Thus, even to the extent his PAGA claim is premised upon overtime and meal periods, his claim may be adjudicated without any reference to the CBA. Second, as discussed above, Plaintiff asserts several theories of liability under PAGA, and there is no dispute

9

that his theories for rest breaks and minimum wages exist entirely independent of the CBA and may be adjudicated without any reference thereto. Third and most importantly, Plaintiff does not dispute the CBA's provisions for overtime wages or meal periods.

"[T]he difference between whether or not § 301 will preempt a CLC § 510 claim" under the second prong of the *Burnside* test "depends upon whether the terms of the CBA are clear or in dispute." *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1191 (E.D. Cal. 2016). When no dispute or complexity exists with respect to the terms of the CBA, interpretation of the CBA is unnecessary. *Id.* The CBA Plaintiff believes is at issue here provides, in pertinent part:

> SECTION 1. Eight (8) consecutive hours between 7:00 a.m. and 4:30 p.m. shall constitute a day's work, with a meal period of one-half hour after completion of the first four hours of the work day. The foregoing starting time and meal period may be changed when mutually agreed to between the Employer and the representative of the Local Union.

> SECTION 2. The first two (2) hours performed in excess of eight (8) hours in a work day, Monday through Friday, and the first ten (10) hours on Saturday shall be paid at one and one-half (1 ½) times the straight time rate. All work performed on Saturdays and holidays and in excess of ten (10) hours a day shall be paid the overtime rate as stated in the appropriate local agreement, but not to exceed double the straight timer rate of pay.

> SECTION 3. When an employee has worked during the straight time hours, a meal period of one-half (1/2) hour shall be allowed on the Employer's time at the overtime rate at the conclusion of the first two (2) hours of overtime and the conclusion of every four (4) hours of overtime worked thereafter.

The language of the CBA is unequivocal and does not require any interpretation – employees receive overtime after eight hours worked in a day, and receive one meal period during the regular shift and additional meal periods during overtime hours worked. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of

1
2
3
4
5

state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); *see also Stone v. Sysco Corp.*, 2016 WL 6582598 at * 9 (E.D. Cal. Nov. 7, 2016) ("Given that this provision is clear and its interpretation is not disputed by the parties . . . plaintiff's rest break cause of action does not fail the second prong of the *Burnside* test."

6
7

Plaintiff's PAGA claim is not dependent upon interpretation of the CBA and is thus not preempted by the LMRA.

8
9

## V.    PLAINTIFF ALTERNATIVELY SEEKS LEAVE TO AMEND AND CONDITIONAL REMAND

10
11

### A.    The Proposed Amendment Removes Theories of Liability and Will Not Cause Prejudice or Delay

12
13
14
15
16
17
18
19
20
21
22

In the event the Court is not inclined to grant remand of this action based upon the foregoing grounds, Plaintiff requests the Court grant leave to file the proposed First Amended Complaint (Exhibit A to the Declaration of Stephanie E. Yasuda filed concurrently herewith) and, in its discretion, concurrently grant remand conditioned upon the filing of the amended complaint. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction" and either dismiss the case without prejudice or remand the case to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In the event the Court grants Plaintiff leave to amend the complaint to remove reference to meal periods and overtime wages, this is additional grounds upon which the Court could and should remand this action.

23
24
25
26
27
28

Federal Rule of Civil Procedure 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that a "court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). This rule should be interpreted with "extreme liberality" to "facilitate decision on the merits." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In fact, a district court should decide a motion to amend "with all inferences in

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT

favor of granting the motion." *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotations and citation omitted). Generally, prejudice to the opposing party is the strongest factor, and that absent any prejudice or "a strong showing" of the other factors, a "*presumption*" exists in favor of granting the leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Here, Plaintiff seeks alternative relief to leave to amend the complaint for purposes of removing references to overtime wages and meal periods. As discussed above, Plaintiff asserts his PAGA claim is not preempted by the LMRA. However, to the extent the Court disagrees, Plaintiff believes that amendment serves judicial efficiency because there is no benefit to litigating overtime and meal period theories from which Plaintiff may be personally exempt. Thus, Plaintiff's request is made in good faith. Plaintiff has not delayed in seeking the amendment where this action is in its nascent stages before the initial status conference, and the Parties have not yet engaged in any formal discovery. Amendment will not prejudice Defendants, where Plaintiff does not seek to add any claims or parties to this action, but rather seeks to remove theories of liability. Considering the stage of the case, Defendants will not have to undertake a new course of defense and will not experience substantial prejudice from the filing of the First Amended Complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990) (considering among deciding factors that the new claims "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of

defense"). This is particularly true where Defendants have failed to timely file any responsive pleading in violation of Federal Rule of Civil Procedure 81(c)(2)(C). Finally, amendment is not futile where Plaintiff seeks to remove rather than add allegations. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim [ ].") (citations omitted).

Thus, Plaintiff seeks the right to file his proposed First Amended Complaint as alternative relief.

## B.    Defendants Declined to Stipulate to Amendment Absent Dismissal

During the meet and confer efforts of the Parties, Plaintiff requested that Defendants stipulate to the filing of a First Amended Complaint that would remove reference to overtime wages and meal periods. Defendants refused to stipulate to amendment because it is not a dismissal with prejudice.

Plaintiff opposes dismissal with prejudice for several reasons. First, as discussed above, Defendants do not challenge the PAGA Cause of Action in its entirety. While Defendants challenge Plaintiff's claim to the extent premised upon overtime wages, it does not challenge Plaintiff's right to minimum wages. This is because minimum wages cannot be waived by a CBA. *Flowers v. Los Angeles County Met. Transp. Auth.*, 243 Cal. App. 4th 66, 82 (2015) ("Under California law, 'employees may not agree to waive their entitlement to the minimum wage [citations], nor may a collective bargaining agreement waive that right.'"); *accord,* Cal. Lab. Code § 1194 ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action . . . ."). Similarly, Defendants do not challenge Plaintiff's Cause of Action to the extent it is premised upon the failure to provide rest breaks; the CBA

13

makes no reference to rest breaks and thus cannot serve as the basis of any preemption of or exemption from the rest break requirements imposed by California law. *See Bruccheri v. Aramark Uniform Servs., LLC*, 2018 WL 5617197, at *6 (E.D. Cal. Oct. 30, 2018) (preemption does not apply where the claims do not require interpretation of the CBA); IWC Wage Order 16-2001 § 11(E) (exemption applies only for those employees covered by a CBA that provides for equivalent rest periods). Dismissal (with or without prejudice) would therefore substantially harm Plaintiff, who has stated viable theories under his PAGA claim.

Thus, to the extent the Court is not inclined to grant remand based upon the grounds stated above, the Court should permit Plaintiff leave to file a First Amended Complaint, and should grant remand conditioned upon the filing of the amended complaint.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court remand this action to the California Superior Court for the County of Sacramento. In the alternative, Plaintiff respectfully requests the Court grant leave to file a First Amended Complaint and grant conditional remand.

Dated: December 16, 2020          YOON LAW, APC


                                 ____*/s/ Stephanie E. Yasuda*____
                                 Stephanie E. Yasuda
                                 Attorneys for Plaintiff Tim Blackwell

PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT